## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 14 2019, 9:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Francisco Gallardo-Cortes, *Appellant-Defendant,* | June 14, 2019 |
| v. | Court of Appeals Case No. 19A-CR-26 |
| | Appeal from the LaGrange Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Lisa M. Bowen-Slaven, Judge |
| | Trial Court Cause No. 44D01-1806-F2-4 |

**Najam, Judge.**

## Statement of the Case

Francisco Gallardo-Cortes appeals his sentence following his conviction for dealing in cocaine, as a Level 3 felony, pursuant to a guilty plea. Gallardo-Cortes raises one issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

## Facts and Procedural History

On June 6, 2018, Indiana State Police Trooper Andrew C. Baldwin conducted a traffic stop of Gallardo-Cortes. Trooper Baldwin noticed an odor of alcohol coming from Gallardo-Cortes. He also noticed that Gallardo-Cortes' speech was slurred, his eyes were glossy, and he demonstrated poor manual dexterity. Gallardo-Cortes consented to a certified chemical breath test, which indicated that Gallardo-Cortes had an alcohol concentration equivalent to 0.128 gram of alcohol per 210 liters of breath. Trooper Baldwin also discovered that Gallardo-Cortes had never had a valid driver's license.

Trooper Baldwin arrested Gallardo-Cortes, impounded his vehicle, and conducted an inventory search of the vehicle. During the search, Trooper Baldwin found a bag that contained a "white powder substance" underneath the driver's seat. Appellant's App. Vol. II at 6. He also found another "white rock substance" behind the CD player along with cash, baggies, and a scale. *Id.* Both substances were later determined to be cocaine. In total, Trooper Baldwin discovered approximately sixty-three grams of cocaine in Gallardo-Cortes' car.

[4] The State charged Gallardo-Cortes with dealing in cocaine, as a Level 2 felony; operating a vehicle while intoxicated, as a Class A misdemeanor; operating a vehicle without ever having received a driver's license, as a Class C misdemeanor; operating a vehicle with an alcohol concentration equivalent to at least 0.08 gram of alcohol but less than 0.15 gram of alcohol per 210 liters of breath, as a Class C misdemeanor; speeding, as a Class C infraction; improper lane usage, as a Class C infraction; and possession of an open alcoholic container, as a Class C infraction. Gallardo-Cortes pleaded guilty to dealing in cocaine, as a Level 3 felony. In exchange for his plea, the State dismissed the remaining charges. Following a hearing, the trial court accepted Gallardo-Cortes' guilty plea. The court then sentenced Gallardo-Cortes to eight years in the Department of Correction, with six years executed and two years suspended to probation. This appeal ensued.

## Discussion and Decision

[5] Gallardo-Cortes contends that his sentence is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." This court has recently held that "[t]he advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed." *Sanders v. State*, 71 N.E.3d 839, 844 (Ind. Ct. App. 2017). And the Indiana Supreme Court has recently explained that:

> The principal role of appellate review should be to attempt to leaven the outliers . . . but not achieve a perceived "correct" result in each case. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Defendant has the burden to persuade us that the sentence imposed by the trial court is inappropriate. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind.), as amended (July 10, 2007), *decision clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

*Shoun v. State*, 67 N.E.3d 635, 642 (Ind. 2017) (omission in original).

[6] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell*, 895 N.E.2d at 1222. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id*. at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[7] The sentencing range for a Level 3 felony is three years to sixteen years, with an advisory sentence of nine years. *See* Ind. Code § 35-50-2-5(b) (2018). Here, the trial court did not identify any mitigators, and the court expressly found that

there were no aggravating circumstances. Accordingly, the trial court imposed a slightly reduced sentence of eight years, with six years executed and two years suspended to probation.

[8] Gallardo-Cortes contends that his sentence is inappropriate in light of the nature of the offense because he "cooperated with the authorities" and because his "possession of drugs was driven by his desire to support his own drug addiction." Appellant's Br. at 9, 10. And Gallardo-Cortes asserts that his sentence is inappropriate in light of his character because he only has one prior misdemeanor conviction, his incarceration will be a hardship on his family, he expressed remorse, and he took responsibility for his actions when he pleaded guilty. *Id*. at 12.

[9] However, Gallardo-Cortes has not met his burden to demonstrate that his sentence is inappropriate. With respect to the nature of the offense, Gallardo-Cortes admitted to possessing at least ten grams of cocaine, which is an amount well above that required to support his Level 3 felony conviction.[1] *See* I.C. § 35-48-4-1(d) (the offense is a Level 3 felony if "the amount of the drug involved is at least five (5) grams but less than ten (10) grams"). As for his character,

---

[1] The State contends that Gallardo-Cortes' sentence is not inappropriate in light of the nature of the offense because he possessed sixty-three grams of cocaine, which was "more than 12 times the quantity needed . . . to support a Level 3 felony offense[.]" Appellee's Br. at 8. However, at the hearing on his guilty plea, Gallardo-Cortes acknowledged that he was originally charged with a Level 2 felony "because of the amount of cocaine that was in his car." Tr. Vol. II at 11. Accordingly, Gallardo-Cortes only admitted that he had possessed enough cocaine to support the Level 2 felony charge, which is at least ten grams. *See* I.C. § 35-48-4-1(e).

Gallardo-Cortes admitted to a long history of substance-abuse problems for which he has never sought treatment, which reflects poorly on his character.[2]

[10] In considering the appropriateness of a sentence under Appellate Rule 7(B), appellate courts may consider all aspects of the penal consequences imposed by the trial judge, including the fact that a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). Here, Gallardo-Cortes' total sentence was not only below the nine-year advisory sentence for a Level 3 felony, but two years of his sentence were suspended to probation. Accordingly, we cannot say that Gallardo-Cortes' sentence is inappropriate.

[11] Affirmed.

Baker, J., and Robb, J., concur.

---

[2] To the extent Gallardo-Cortes contends that the trial court should have "consider[ed] substance abuse treatment in lieu" of incarceration, we note that the trial court specifically recommended Gallardo-Cortes for the Purposeful Incarceration Program. Appellant's Br. at 12. The court further indicated that it would consider a sentence modification upon Gallardo-Cortes' successful completion of that program.